# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 01-238 (BAH) |
| CURTIS ALLEN MOORE, JR., | Chief Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

The defendant Curtis Allen Moore, Jr., proceeding *pro se*, is approaching the seventh year of the eight years of supervised release to which he was re-sentenced in February 2013 2002, as part of his 159 month sentence on his plea of guilty to one count of distribution of 50 grams or more of cocaine base within 1,000 feet of an elementary school, in violation of 21 U.S.C. S§ 841(a)(1), 841(b)(1)(A)(iii) and 860(a)(1). *See* Judgment on Resentencing ("Resentencing J.") at 1–2, ECF No. 50.[1] With the support of the U.S. Probation Office, *see* Probation Pet. (Jan. 16, 2020) ("2020 Probation Recommendation"), at 2, ECF No. 54, the defendant now seeks early termination of his supervised release, Def.'s Mot. for Early Term. of Supervised Release ("Def.'s Mot."), at 1, ECF No. 52. The government objects to this motion "[g]iven the absence of any unusual or extraordinary basis for early termination."

---

[1] The defendant was originally sentenced, on June 11, 2002, to 262 months' incarceration and a 10-year term of supervised release, but, in February 2013, this sentence was reduced to 159 months' incarceration, followed by an eight-year term of supervised release, *see* Judgment on Resentencing, ECF No. 50, upon grant of the defendant's motion, pursuant to 28 U.S.C. § 2255, because the sentencing judge was unaware at the time of sentencing of discretionary authority provided by U.S.S.G. § 4A1.3(b)(3)(A) to depart downwards from the defendant's Criminal History Category VI, a category required by application of the career offender guideline, under U.S.S.G. §4B1.1(b), Mem. Op. and Order (Aug. 8, 2012) ("2012 Order"), at 21–22, ECF No. 36, and therefore "the court misperceived its sentencing discretion," *id.* at 23.

Gov't's Resp. to Def.'s Mot. for Early Termination of Supervised Release ("Gov't's Opp'n") at 6, ECF No. 55.[2]

The Court concludes that early termination of the defendant's supervised release term is warranted since, as the government succinctly points out, he "has served his term of supervised release without infraction, has abstained from drug use and has maintained long-term employment and a s[t]able residence," *id.*, and in the view of the Probation Officer, who has closely supervised the defendant, he "has no further need for the services provided by the Probation Office, and those resources would be better spent on other supervisees," *id*.

## I. BACKGROUND

The defendant was arrested following his sale of cocaine base to an undercover police officer on four occasions, between May 11 and June 14, 2001, and after a search of his residence and vehicle revealed additional cocaine base, a loaded revolver and drug paraphernalia. Mem. Op. and Order, (Aug. 8, 2012) ("2012 Order"), at 2, ECF No. 36 (citing Presentence Investigation Report ("PSR"), ¶¶ 6-9, 11, 12, 14, 15); Probation Mem. for Re-Sentencing, (Feb. 8, 2013) ("2013 PO Mem.") at 1, ECF No. 49. "The weight of all the crack totaled 267.3 grams." 2012 Order at 2. Under the then-applicable statutory and guideline sentencing regime, the defendant's plea of guilty, in 2001, to unlawful distribution of 50 grams or more of cocaine base within 1000 feet of a school, subjected him to a mandatory minimum of 10-years to up to life imprisonment, under 21 U.S.C. § 841(b)(1)(A)(iii) and 860(a)(1), and because he was classified as a career offender, he had "an enhanced offense level of 37 and a criminal history category of VI," under U.S.S.G. § 4B1.1. 2012 Order at 2.

---

[2] This case was randomly reassigned to the undersigned Judge on January 6, 2020, the same date that the defendant's *pro se* motion was filed.

After application of a 3-level reduction for acceptance of responsibility, the total offense level was 34, yielding a mandatory sentencing range of 262 to 327 months in prison. *Id*. at 3. A 10-year term of supervised release was statutorily required. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The defendant was sentenced to the minimum of the guideline range at 262 months, to be followed by a 10-year term of supervised release. *See* 2012 Order at 3; Judgment and Commitment (June 17, 2002), ECF No. 19.

By the time of the defendant's re-sentencing in 2013, the penalties for cocaine base offenses had been reduced by the Fair Sentencing Act of 2010, and the guideline range applicable to his re-sentencing was determined pursuant to those new penalties. *See* Statement of Reasons ("SOR") ¶ I.B.3, ECF No. 51 (finding total offense level of 31 and Criminal History Category VI yielded advisory sentencing range of 188 to 235 months' imprisonment and statutorily required supervised release period of at least 8 years). On re-sentencing, the Court departed downward to a Criminal History Category V and found a variance was warranted to impose a sentence of 159 months' imprisonment. *Id*. The statutorily required term of 8 years of supervised release was also imposed. *See* Resentencing J. at 23; 2013 PO Mem. at 4 (citing 21 USC §§ 860(a) and 841(a)(1) and (b)(1)(B)).

After serving about thirteen years in prison, the defendant's supervision began on February 22, 2013 and is due to expire on February 21, 2021.

## II. ANALYSIS

The defendant seeks early termination of his eight-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes termination of a term of supervised release "at any time after the expiration of one year of supervised release," so long as certain factors set out in § 3553(a) are considered and the release "is warranted by the conduct of the

3

defendant [on supervision] and the interest of justice." 18 U.S.C. § 3583(e)(1). The parties do not dispute that this Court has the discretion to modify the defendant's term of supervised release even though he is subject to a statutorily mandated eight-year term. *See* Gov't's Opp'n at 6; Def.'s Mot. at 2–3; *see also United States v. Harris*, 258 F. Supp. 3d 137, 142–43 (D.D.C. 2017) (BAH) (discussing this issue and concluding that the "weight of authority confirms that § 3583(e)(1) authorizes termination of [a] statutorily mandated term of supervised release . . .") (collecting cases); *see also United States v. King,* Crim. Case No. 03-cr-249 (BAH), 2019 WL 415818, at *4 (D.D.C. Feb. 1, 2019) (same); *United States v. Wesley*, 311 F. Supp. 3d 77, 79 n.1 (D.D.C. 2018) (CKK) (same).

The D.C. Circuit has instructed, at least in the context of a denial of a motion for early termination of supervised release, that the district court explain its consideration of the relevant factors, unless "the reasons for denying the motion are apparent from the record." *United States v. Mathis-Gardner*, 783 F.3d 1286, 1289-90 (D.C. Cir. 2015). The reasoning of the D.C. Circuit applies equally to a decision to grant such a motion. *Harris*, 258 F. Supp. 3d at 143. Accordingly, the relevant factors under § 3553(a) are addressed first before turning to consideration of whether the defendant's post-incarceration conduct and the interest of justice warrant early termination of supervised release.

### A. Consideration of Applicable Factors Under 18 U.S.C. § 3553(a)

In evaluating a motion for early termination of supervised release, the Court must consider the following seven factors from § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional

treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e) (authorizing modification of supervised release "after considering the factors set forth in" § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7)). Thus, among the §3553(a) factors *not* to be considered in determining whether to modify the term of supervision, *id.*, is "the need…to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); *see* U.S. SENTENCING COMM'N, FEDERAL OFFENDERS SENTENCED TO SUPERVISED RELEASE (July 2010) ("Supervised Release Report") at 9 ("The legislative history indicates that section 3553(a)(2)(A) was not included for consideration under 18 U.S.C. § 3583(c) because the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than punish them.").

The sixth and seventh factors have limited relevance to the defendant here because the "factor of avoiding unwarranted sentencing disparities . . . would generally undermine the case specific inquiry required in evaluating a motion for early termination of supervised release," *Harris*, 258 F. Supp. 3d at 145, and because this defendant has no restitution obligations.

In considering the remaining, relevant factors, the Court is cognizant that supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson* ("*Johnson I*"), 529 U.S. 53, 59 (2000); *see also Johnson v. United States* ("*Johnson II*"), 529

5

U.S. 694, 708–09 (2000) (recognizing the "congressional policy in providing for a term of supervised release . . . is to improve the odds of a successful transition from the prison to liberty"). In addition, the Supreme Court has noted the congressional "aim[] . . . to use the district courts' discretionary judgment to allocate supervision to those release[d] who need[] it most," *Johnson II*, 529 U.S. at 709. "The relevant factors under § 3553(a) are, consequently, evaluated mindful of the Supreme Court's clear articulation of the purpose of supervised release and the district court's discretion to limit terms of supervised release to those who need it." *Harris*, 258 F. Supp. 3d at 145 (internal quotation marks and alterations omitted).

Consideration of the first factor—the nature and circumstances of the offense—confirms the seriousness of the defendant's offense conduct. The defendant was involved in four sales of cocaine base to an undercover officer during a month-long period and an ensuing search recovered additional cocaine base and a firearm, with a total amount of cocaine base involved in his offense conduct of 267.3 grams of cocaine base. *See* 2013 Order at 2. The government contends that the seriousness of the defendant's offense conduct—being "a high volume dealer of crack cocaine…pl[ying] his trade in a school zone amongst those most vulnerable to drug addiction," and being "sentenced as a career criminal," Gov't's Opp'n at 5—"weigh[s] in favor of requiring Defendant to serve the entirety of his sentence," *id*. Certainly, the seriousness of the defendant's underlying criminal conduct is reflected in consideration of the fifth factor—the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission. In connection with this fifth factor, the defendant was sentenced to 13 and a quarter-years' imprisonment, which is fairly close to the advisory sentencing range minimum of fifteen and a half years, and to the full statutorily required term of supervised release. Notably, the defendant has

already completed his term of imprisonment and already served almost his full term of supervised release.

The government stresses and relies almost entirely on the seriousness of the defendant's criminal conduct almost twenty years ago in 2001. Yet, as noted, "the need…to reflect the seriousness of the offense," 18 U.S.C. § 3553(a)(2)(A), is simply not a factor at play in considering whether early termination of supervision is warranted, *see id*. § 3583(c). Instead, the general focus of supervised release is forward-looking, as captured by the remaining second, third and fourth factors of general deterrence of criminal conduct and specific deterrence of the defendant, as well as the need for continuing supervision to provide the defendant with educational or vocational training, medical care, or other correctional treatment. *See Johnson I*, 529 U.S. at 59 ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration"). Consideration of those three factors militate strongly in favor of early termination of the defendant's supervision.

As for factors two and three—the important need to provide adequate deterrence of criminal conduct and to protect the public from further crimes—the defendant has served a long prison sentence and almost seven years already under supervision. The severity of this punishment amply provides a general deterrent to others. As for the need to protect the public from criminal conduct by the defendant, the length of time the defendant has already successfully served, without infraction, his term of supervision is highly probative. Indeed, the Sentencing Commission's analysis of supervised release recidivism rates found that "[v]iolations of conditions of supervision that result in revocation on average occur early in the supervision process," noting that, "in 2006, offenders whose supervision was revoked …

7

served an average of only 17 months before revocation." Supervised Release Report at 63. In this case, since his release from prison almost seven years ago, the defendant has complied with all the conditions of his supervised release and has shown an exemplary ability to reintegrate himself into the community for almost seven years.

Finally, as to factor four, the defendant has taken advantage of vocational training offered through his work and maintained stable employment for such a lengthy period that the Probation Office has advised the government that he has "no further need for the services provided by the Probation Office." Gov't's Opp'n at 6. As the defendant states, "I have learned from my mistakes, have bettered myself, and worked very hard to learn how the law works in order to get me to the point I find myself in today." Def.'s Mot. at 10.

Taken as a whole, consideration of these § 3553(a) factors warrant grant of the defendant's motion.

## B. Consideration of Interest of Justice Under 18 U.S.C. § 3583(e)(1)

In addition to consideration of the factors under § 3553(a), the Court must be "satisfied" that early termination of supervised release "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). No "extraordinary or unusual conduct" during supervision is required to meet this standard. *See Harris,* 258 F. Supp. 3d at 148–50; *see also United States v. Borea,* No. 03-cr-33-A, 2018 U.S. Dist. LEXIS 170268, *1–2 (W.D.N.Y. Oct. 2, 2018) (no new or changed circumstances are required) (quoting *United States v. Parisi,* 821 F.3d 343, 347 (2d Cir. 2016) (per curiam)).

In this case, the defendant has fully complied with the terms of his supervised release over the past almost seven years, including abstaining from drug use, satisfying his special assessment and submitting a DNA sample. 2020 Probation Recommendation at 2. He has

also demonstrated his successful re-entry into the community by receiving vocational training through his job on the handling and storage of bloodborne pathogens as a courier, maintaining long-term employment as a courier, and a stable residence and relationship. As the Probation Office sums up the defendant's current situation, he "live[s] a crime free lifestyle." *Id*. at 1. In these circumstances, the Court concludes that early termination of supervised release would also be in the "interest of justice."

On a final note, the government advances an argument previously rejected by this Court that motions for early termination of supervised release "should fail" when the defendant "has not demonstrated anything of an 'unusual or extraordinary' nature." Gov't's Opp'n at 5–6 (urging approach taken in *United States v. Longerbeam*, 199 F. Supp. 3d 1, 2–3 (D.D.C. 2016) and *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015)). As the government correctly observes, this Court focuses on whether the defendant seeking early release has "demonstrably satisfied the goal of supervised release to transition back into the community." *Id*. at 4 (citing *Harris*, 258 F. Supp. 3d at 150); *see also United States v. Raymond*, Crim. No. 09-183 (RMC), 2019 U.S. Dist. LEXIS 69972, *9–10 (D.D.C. April 25, 2019) (granting motion for early termination of supervised release, noting that "while it might be that the Judiciary should expect former felons to follow directions, obey the law, and re-design their lives, it is all too obvious that such post-incarceration success is not achieved by many who make the attempt. Thus, [defendant]'s 100% compliance with each term of his supervised release for over five years is, actually, fairly extraordinary.").

In *Longerbeam,* 199 F. Supp. 3d at 2, and *United States v. Etheridge,* 999 F. Supp. 2d 192, 195 (D.D.C. 2013), Judge Hogan relied on *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), to adopt the heightened standard urged by the government. *See also United States v.*

*Mathis-Gardner,* 110 F. Supp. 3d at 94 (requiring defendant to "show something 'of an unusual or extraordinary nature' in addition to full compliance." (citing *Lussier* and quoting *Etheridge*, 999 F. Supp. 2d at 196)); *United States v. Johnson*, 228 F. Supp. 3d 57, 63 (D.D.C. 2017) (RCL) (requiring "something of an unusual or extraordinary nature … to justify early termination") (internal quotation marks omitted)). *Lussier*, however, addressed § 3583(e)(2), which allows district courts to "extend a term of supervised release" or "modify, reduce, or enlarge the *conditions* of supervised release," not, as here, § 3583(e)(1), which allows for the early termination of supervised release. *See Lussier*, 104 F.3d at 36 (emphasis added); 18 U.S.C. § 3583(e)(1)-(2); *see also Etheridge* 999 F. Supp. 2d at 195 (recognizing that *Lussier* "considered a related provision"). Significantly, while both statutory provisions require consideration of the same § 3553(a) factors and the pertinent Federal Rules of Criminal Procedure, only § 3583(e)(1) requires consideration of "the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). In short, the standards applicable to the exercise of discretion under these two provisions are different.

Moreover, the Second Circuit has more recently clarified that *Lussier* does not *require* extraordinary or unforeseen circumstances, again in applying § 3583(e)(2). *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam) (*Lussier* "does not *require* new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification." (emphasis in original)). Since *Lussier* addressed a different paragraph of §3583(e), is non-binding and, post-*Parisi*, does not require "extraordinary circumstances" for the exercise of discretion, § 3583(e)(1) is read correctly here to allow early termination when the rehabilitative goals of supervised release are met and the interest of justice warrant, even

10

absent "extraordinary circumstances."  *See Harris*, 258 F. Supp. 3d at 149–50; *King*, 2019 WL 415818 at *2; *United States v. Lovo*, Crim. No. 13-262 (RMC), 2020 WL 32561 (D.D.C. Jan. 2, 2020); *United States v. Raymond*, Crim. No. 09-183 (RMC), US. Dist. LEXIS 69972 (D.D.C. Apr. 25, 2019).

Contrary to the government's recommendation, the Court's focus is precisely what the statute contemplates in exercising the authority to terminate early a term of supervised release.  U.S.S.G. § 5D1.2, comment. n. 5 ("The court is encouraged to exercise this authority in appropriate cases.").  Indeed, the Sentencing Commission's commentary to the supervised release guideline provides, as an example of the exercise of the authority for early termination, that "the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." *Id*.  This example does not require or even mention a showing that the defendant did something more extraordinary than complying with a supervision condition of successfully completing a treatment program.  Even the government concedes that "Defendant appears to satisfy the standard for early termination of probation [sic]" under this standard articulated in *Harris*.  Gov't's Opp'n at 6.

### III.    ORDER

 Accordingly, upon consideration of the defendant's Motion for Early Termination of Supervised Release, ECF No. 52, the related legal memoranda in support and in opposition, the entire record in this case, and all of the relevant statutory purposes of supervised release according to 18 U.S.C. §§ 3553(a), 3583(e)(1), it is hereby

**ORDERED** that the defendant's motion is **GRANTED**; and it is further

**ORDERED** that the defendant's term of supervision shall be terminated early, effective February 1, 2020.

**SO ORDERED**.

Date: January 28, 2020

_____
BERYL A. HOWELL
Chief Judge